**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ROBERT BURNS MCCALL,** | ) | |
| **ID # 604522,** | ) | |
|        **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:15-CV-2418-P-BH** |
| | ) | |
| **STATE OF TEXAS,** | ) | **Referred to U.S. Magistrate Judge** |
|        **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this consolidated habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied.

**I.  BACKGROUND**

Robert Burns McCall (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He names the State of Texas as the respondent.

Petitioner challenges a November 1991 conviction for aggravated sexual assault of a child under 14 in cause number F-9104344 in the 195th Judicial  District Court of Dallas County, Texas. (doc. 3 at 2); *see also* www.dallascounty.org/criminalBackgroundSearch/defendant_detail.do?=03 (Dallas County criminal records).  He did not file a direct appeal.  On August 12, 2014, Petitioner filed a state application for writ of habeas corpus with the trial court, and that application was ultimately denied without written order by the Texas Court of Criminal Appeals on the trial court's finding without a hearing on October 8, 2014.  (doc.3 at 3-4); *see Ex parte McCall,* WR-82,175-01 (Tex. Crim. App. October 8, 2014). On December 4, 2014, he filed a second state application for writ of habeas corpus, and that application was ultimately dismissed under article 11.07, § 4. (doc.

3 at 4); *see Ex parte McCall,* WR-82,175-02 (Tex. Crim. App. February 18, 2015); *see also* www.dallascounty.org/criminalBackgroundSearch/defendant_detail.do?In=01 &02 (Dallas County criminal records of cases W-9104344-A and W-9104344-B).  Petitioner mailed his federal petition on July 15, 2015. (doc. 3 at 10).

## II. PROPER RESPONDENT

Petitioner names the State of Texas as the respondent.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court'". 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435. Because Petitioner challenges a conviction that has resulted in his incarceration in the TDCJ-Correctional Institutions Division in Kenedy, Texas, under § 2254, either the warden of the institution where he is incarcerated or the chief officer in charge of state penal institutions is a proper respondent.  *See id.;* Advisory Committee Notes to Rule 2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions."). William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), should be substituted as the respondent, and the State of Texas should be dismissed.

### III.  STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because Petitioner filed his petition after its effective date, the Act applies to it.  Title I of the Act substantially changed the way federal courts handle habeas corpus actions.  One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

### A.  <u>Calculation of One-Year Period</u>

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner contends that newly discovered evidence proves his actual innocence and would have shown the lack of forensic support for a guilty plea.  He also claims that counsel was ineffective for failing to inform him of the DNA evidence, failing to challenge conflicts in witness statements and illegal sentence enhancements, and failing to represent him. (doc. 3 at 6-7.) Because Petitioner challenges his plea and the effectiveness of counsel relating to his plea as well as his conviction, the federal statute of limitations began running when the trial court's judgment adjudicating guilt became final by the conclusion of direct review or the expiration of the time for

seeking review under § 2244(d) (1)(A).

Petitioner did not directly appeal the judgment, so his right to seek direct review in state appellate court expired thirty days after it was entered. Tex. R. App. P. 26.2(a)(1). The thirtieth day fell in December 1991, so his conviction became final at that time. Because Petitioner's state conviction became final before AEDPA's enactment on April 24, 1996, he had one year after the date of the enactment of the statute in which to file a federal petition for a writ of habeas corpus. *Williams v. Cain*, 217 F.3d 303, 304 n.1 (5th Cir. 2000). "[W]hen computing the one year time period applicable to petitions raising claims that would otherwise be time-barred as of . . . April 24, 1996, that date must be excluded from the computation and petitions filed on or before April 24, 1997 are timely." *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998). Petitioner is entitled to the one-year grace period that ended, in the absence of tolling, on April 24, 1997. He filed this § 2254 petition on July 15, 2015,[1] more than seventeen years later. His challenge to the underlying conviction is untimely absent tolling.

B.    **Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner filed his first state writ application in August 12, 2014, and his second application in December 12, 2014, both after the limitations period had expired. An application filed in state court after the limitations period has expired does not operate to statutorily toll the

---

[1]The § 2254 petition was received and file-stamped on July 21, 2015. Petitioner swore that he placed the document in the prison mail system on July 15, 2015, so it is deemed filed on that date under the "mailbox rule". *See Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (pro se prisoner's habeas corpus petition is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court).

limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  The statutory tolling

provision does not save his petition.

**C**.   **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate

exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 560 U.S. 631  (2010); *Davis v.*

*Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir.

2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of

equitable tolling preserves a [party's] claims when strict application of the statute of limitations

would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298

(5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party]

about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See*

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President*

*Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable tolling only if

he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance

prevented a timely filing.  *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418

(2005).  He bears the burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d

797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there

are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d

710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner contends that his

ability to file a federal habeas petition has been affected by a state proceeding, the court should look

at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398,

402 (5th Cir. 1999).

Here, Petitioner presents no argument or evidence that he was prevented from filing his federal petition challenging his conviction. He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his claims arising from his conviction are barred by the statute of limitations.

**D.**      <u>**Actual Innocence**</u>

Petitioner asserts that he is actually innocent of the charge. (doc. 3 at 6-7.)   In *McQuiggin v. Perkins*, ——U.S. ——, 133 S. Ct. 1924, 1928–31 (2013), the Supreme Court held that a plea of actual innocence could overcome the one-year statute of limitations under the "miscarriage of justice" exception to a procedural bar, even in circumstances where equitable tolling is not appropriate because a petitioner has not exercised due diligence in pursuing his claim.   In order to be entitled to this exception, however, a federal habeas petitioner must present a tenable claim of actual innocence that persuades the court that it is more likely than not that no rational fact-finder would have found him guilty beyond a reasonable doubt in light of the new evidence. *Id.* at 1928, 1934-35.  The untimeliness of a plea of actual innocence does bear on the credibility of the evidence offered. *Id.* at 1935–36.

Here, Petitioner has not presented a credible claim of actual innocence based on newly discovered evidence. He has presented no "new evidence"; he only argues that the grounds he raises in the petition show he is actually innocent.  He claims that "[t]he newly discovered evidence would prove Petitioner's actual innocence." (doc. 3 at 6.)  Petitioner has not shown that "no reasonable juror would have convicted him in the light of the new evidence." *Perkins*, 133 S. Ct. at 1935 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).  He has not overcome the statute of limitations, and his claims challenging his conviction are time-barred.

## IV.  NON-COGNIZABLE CLAIMS

Petitioner also challenges the review and consideration of his state writ applications by the Texas Court of Criminal Appeals[2] in 2014.  He claims that it rejected his first 2014 writ application claim without providing him an evidentiary hearing or a reasonable review of the facts, and that it improperly rejected his second writ application. (doc. 3 at 6-7.)

The United State Court of Appeals for the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir. 2001) (citing cases).  "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.* at 320 (citing *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995).  Consequently, these grounds for relief must be denied as without merit.

## V.  RECOMMENDATION

The State of Texas should be **DISMISSED,** William Stephens, Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), should be designated as the respondent, and the petition for writ of habeas corpus should be **DENIED** with prejudice.

**SO ORDERED this 6th day of August, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[2]Petitioner simply refers to the "appeals court" when discussing his claims concerning the review of his two § 11.07 state writ applications by the Texas Court of Criminal Appeals.  (doc. 3 at 6-7.)

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8